Filed 10/1/14  In re Noemi M. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re NOEMI M., a Person Coming Under the Juvenile Court Law. | B253808 |
| | (Los Angeles County Super. Ct. No. CK83236) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent.<br><br>        v.<br><br>MARK L.,<br><br>        Defendant and Appellant. | |

THE COURT:*

Appellant Mark L. (father) appeals from the juvenile court's order terminating his parental rights over Noemi M. (born May 2010).  We dismiss the appeal.

_____

*BOREN, P.J., CHAVEZ, J., FERNS, J.†

†      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

BACKGROUND

**Detention and section 300 petition**

On July 20, 2010, the Los Angeles Department of Children and Family Services (the Department) filed a petition under Welfare and Institutions Code section 300[1] on behalf of then one-month old Noemi alleging that father and Daniela M. (mother)[2] had a history of engaging in violent altercations which resulted in father's arrest, that mother had an eight-year history of illicit drug use and currently used methamphetamine, that maternal grandfather had sexually abused mother as a child and Noemi lived in the home with him, that the maternal grandfather abused drugs, and that father failed to provide Noemi with the necessities of life and was currently incarcerated.

Father was not present at the July 20, 2010 detention hearing at which the juvenile court found him to be an alleged father. The court ordered Noemi to be detained in shelter care.

**Jurisdiction and disposition**

In a September 2010 jurisdiction disposition report, the Department reported that father had two convictions for battery on a spouse in 2009 and a 2010 conviction for auto theft. He was presently incarcerated as the result of a January 2009 domestic violence incident in which he punched mother in the face and grabbed her by the throat.

Father was present at a September 8, 2010 hearing at which the juvenile court ordered DNA testing to confirm father's paternity. He was accorded monitored visits with Noemi by a Department approved monitor.

Father was not present but was represented by counsel at the October 6, 2010 jurisdictional and dispositional hearing at which the juvenile court sustained the allegations that mother and father had a history of engaging in violent altercations resulting in father's arrest, that mother's history of drug use and current use of methamphetamine placed Noemi at risk of harm, and that mother had placed Noemi at

---

[1]     All further statutory references are to the Welfare and Institutions Code.

[2]     Mother is not a party to this appeal.

risk by allowing the child to reside in the home of the maternal grandfather, who was a current abuser of drugs and who had sexually abused mother as a child. The court ordered Noemi removed from the parents' custody and placed with a maternal aunt. The juvenile court accorded mother reunification services but denied services to father pursuant to section 361.5, subdivision (a).

**Review proceedings**

In December 2010 the Department reported that during the last period of supervision, father had not contacted the Department, mother, or the caregiver regarding Noemi. Father had also failed to appear for a scheduled DNA test on September 9, 2010.

In March 2011, the juvenile court ordered Noemi placed in mother's home based on mother's progress in programs.

In September 2011, the Department reported that father had been released from jail. Father's probation officer told the Department's social worker that father's whereabouts were unknown and that he had an upcoming court date for a probation violation. Mother said she had had no contact with father since inception of the case.

**First section 387 petition**

In November 2011, a maternal aunt informed the Department that she suspected mother had left the state with Noemi to live with father in Arizona. The Department filed a supplemental petition pursuant to section 387, alleging that mother had recently used methamphetamine and marijuana and had allowed father unrestricted access to Noemi, in violation of court orders that father's visits be monitored. Mother admitted smoking marijuana while she was with father. She said she had returned to California because father wanted nothing to do with her or with Noemi. Father's whereabouts were presently unknown.

The juvenile court ordered Noemi detained from mother, sustained the section 387 petition, and terminated the previous home of parent that had placed Noemi with mother.

**Second section 387 petition, and father's paternity**

In September 2012, the juvenile court ordered Noemi re-placed with mother based on mother's progress in services. The court further ordered the Department to prepare a report addressing father's visits and possible return to the family home.

On February 5, 2013, the Department filed a second section 387 petition alleging that mother had used methamphetamine within the past month. At the detention hearing held on the same date, the juvenile court ordered Noemi detained.

Father was present in custody at the scheduled dispositional hearing on the section 387 petition. The juvenile court continued the matter for DNA test results.

As of March 25, 2013, father remained incarcerated for a probation violation. His release date was not available. In April 2013, the Department reported that DNA testing would be completed on father at his place of incarceration. The test results indicated that father was Noemi's biological father.

On May 17, 2013, father filed a request for presumed father status on the grounds that Noemi had lived with him from August to October of 2011, he had supported her during that time, he supported her financially from June through July of 2011 and changed her diaper, took her to the park, fed her, and held her out as his own.

In its May 17, 2013 dispositional report, the Department reported that father had not been involved in Noemi's life and had no relationship with the child. He had failed to complete court-ordered domestic and substance abuse programs and as a result his probation had been terminated and he was ordered to serve 267 days in county jail. The Department recommended that father be denied reunification services because the period of his incarceration would exceed the allowable family reunification period.

Both parents were present at the dispositional hearing on the section 387 petition filed in February 2013 and the hearing on father's request for presumed father status held on May 17, 2013. The juvenile court found father to be Noemi's biological father based on the results of the DNA test but denied father's request for presumed father status. The court then sustained the section 387 petition and ordered Noemi removed from mother's

4

home. Father requested reunification services. The juvenile court denied father's request and terminated services for mother. The court set the matter for a section 366.26 hearing.

**Section 366.26 proceedings**

In its September 17, 2013 section 366.26 report, the Department reported Noemi was living in the home of Mr. and Mrs. S., with whom she had been placed since June 5, 2013. Noemi was adjusting well to her placement. She got along with Mr. and Mrs. S. and appeared to be bonded to the S.'s four-year-old daughter. Mr. and Mrs. S had an approved home study and were willing to adopt Noemi.

The juvenile court twice continued the scheduled section 366.26 hearing because father had not been brought in from custody. Both father and mother were present at the continued section 366.26 hearing held on December 27, 2013. Father's counsel argued that father had been improperly denied reunification services and presumed father status and objected to termination of father's parental rights. Father's counsel further argued that the parental exception to terminating father's parental rights applied. The juvenile court found Noemi to be adoptable and that no exception applied to terminating parental rights. The court terminated both mother's and father's parental rights. This appeal followed.

**The instant appeal**

We appointed counsel to represent father in this appeal. After examining the record, father's counsel filed a brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835, indicating an inability to find any arguable issues. On May14, 2014, we advised father that he had 30 days in which to submit any contentions or arguments he wished us to consider.

Father submitted a letter brief in which he claimed he was not properly represented by counsel, with whom he spoke briefly only at court hearings and who came to visit him only twice throughout the duration of the case. Father further claimed mother made false accusations against him and denied him the opportunity to be part of Noemi's life. Father expressed his belief that he was unfairly denied the opportunity to reunify with Noemi because of his four-year period of incarceration.

5

## DISCUSSION

"An appealed-from judgment or order is presumed correct. [Citation.] Hence, the appellant must make a challenge. In so doing, he must raise claims of reversible error or other defect [citation],and 'present argument and authority on each point made' [Citations]. If he does not, he may, in the court's discretion, be deemed to have abandoned his appeal. [Citation.] In that event, it may order dismissal. [Citation.]" (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Father has established no error in the proceedings below, nor any legal basis for reversal. Substantial evidence supports the juvenile court's conclusion that Noemi was adoptable, and that adoption was in the child's best interest.

We accordingly dismiss the appeal.